Dear Chief Frazier:
This office is in receipt of your request for an opinion of the Attorney General in regard to supervision of a dispatcher in the police department. You indicate in 1996 you were given authority to hire a part-time dispatcher-secretary for the police department, and the following year this was made to a full-time position. On July 21, 1999 the Zwolle Town Council added in the Policies and Procedures Manual that the Police Chief was no longer in charge of this position and that the duties of the dispatcher would be those requested by the Mayor or Council, who would schedule the work hours.
You ask who has the authority over the Dispatcher and Patrolmen of the Town of Zwolle Police Department.
The Town of Zwolle is a "special charter" town incorporated on September 13, 1898. It is therefore governed by a special charter and not the provisions of the Lawrason Act. Accordingly, the powers of the elected Chief of Police, Mayor and Council are controlled by the provisions of the charter.
This office observed under the Zwolle Town Charter that the Mayor has the "power to appoint special officers to assist the marshal, to suppress riots, breaches of the peace, to disperse unlawful or immoral assemblages, and in all other cases where he deems it necessary to maintain law and order. He shall have power to appoint special officers to assist the marshal in maintaining good behavior, and good order at all peaceable assembles." Based upon this provision this office found that the Mayor had the authority to appoint, reinstate, and terminate police officers. However, it was concluded, "Absent a specific expression by the Mayor and council, however, we believe that the authority for day-to-day supervision of the police officers, such as that involved in the establishment of work schedules, is within the authority and responsibility of the Chief of Police." Atty. Gen. Op. No. 85-281.
Unless there is a charter amendment or an ordinance, we find no reason to depart from the conclusion that the elected Chief of Police has the responsibility for the supervision of the police department, the duties of police department personnel and their work schedule. We have not found any pertinent provisions in regard to the chief of police's responsibilities although this may be set forth in an ordinance about which we have no information. However, it is obvious there is a certain control over the police department insofar as the Town Council controls the budget, and the Mayor has the power to appoint or terminate police officers. Moreover, Article VI of the Town Charter gives the town council "the power to pass all necessary ordinances for the government and police regulations for said Town". Therefore, if the "Policies and Procedures Manual" is enacted as an ordinance, the dispatcher would have to perform the duties and keep the work schedule set forth in the manual.
However, without additional information we will follow the earlier opinion that concluded the Chief of Police has the responsibility for the supervision of the police department with the admonition that any amendments to the Charter or town ordinances since the opinion in 1985 that may be pertinent must be considered that may be adverse to this earlier opinion.
We hope this sufficiently answers your inquiry, but if we can be of further assistance do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE Assistant Attorney General
BBR